**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| KEVIN D. MCGEE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:22 CV 147 MTS |
| | ) |
| JULIE INMAN, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court on the motion of plaintiff Kevin D. McGee for leave to commence this civil action without prepayment of the required filing fee. Doc. [2]. Having reviewed the motion, the Court finds that it should be granted. *See* 28 U.S.C. § 1915(a)(1). Additionally, for the reasons discussed below, the Court will dismiss this action without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B).

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the

elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**Background**

Plaintiff is a self-represented litigant who is currently in the custody of the Southeast Missouri Mental Health Center in Farmington, Missouri. According to plaintiff, he has been placed there due to a not guilty by reason of mental disease or defect plea entered in 1988. Doc. [1] at 4, 9. During his time in custody, he has been a frequent litigator in the United States District Court for the Eastern District of Missouri. Since 1997, plaintiff has filed at least seventeen petitions for writ of habeas corpus pursuant to 28 U.S.C. § 2254. All of these petitions have been denied and

dismissed, either for a failure to exhaust state remedies, untimeliness, or for failure to comply with a court order.[1] In addition, plaintiff has filed at least nine other civil actions, all of which have been dismissed pursuant to either 28 U.S.C. § 1915(e) or Fed. R. Civ. P. 41(b).[2]

## The Complaint

On February 7, 2022, plaintiff submitted the instant complaint. He brings this civil action pursuant to 42 U.S.C. § 1983, naming Valerie Huhn, Julie Inman, and Denise Hacker as defendants. Doc. [1] at 1-3. The Court notes that Huhn's name appears only in the caption, while

---

[1] *See McGee v. Reeves, et al.*, No. 4:97-cv-1703-FRB (E.D. Mo. Dec. 3, 1997) (28 U.S.C. § 2254 petition dismissed for failure to exhaust state remedies); *McGee v. State of Missouri*, No. 4:97-cv-1935-FRB (E.D. Mo. Dec. 3, 1997) (28 U.S.C. § 2254 petition dismissed for failure to exhaust state remedies); *McGee v. Limbaugh*, No. 4:97-cv-2299-TIA (E.D. Mo. Dec. 24, 1997) (28 U.S.C. § 2254 petition dismissed for failure to exhaust state remedies); *McGee v. Limbaugh*, No. 4:97-cv-2384-CAS (E.D. Mo. Dec. 29, 1997) (28 U.S.C. § 2254 petition dismissed for failure to exhaust state remedies); *McGee v. Menditto, et al.*, No. 4:04-cv-139-CAS (E.D. Mo. Aug. 10, 2004) (28 U.S.C. § 2254 petition dismissed as time-barred); *McGee v. Menditto, et al.*, No. 4:05-cv-528-FRB (E.D. Mo. June 13, 2005) (28 U.S.C. § 2254 petition dismissed as time-barred); *McGee v. Ring*, No. 4:09-cv-821-CAS (E.D. Mo. June 4, 2009) (28 U.S.C. § 2254 petition dismissed as time-barred); *McGee v. Schmitt*, No. 4:16-cv-1093-CEJ (E.D. Mo. Nov. 30, 2016) (28 U.S.C. § 2254 petition dismissed as time-barred and for failure to exhaust state remedies); *McGee v. Stringer*, No. 4:17-cv-258-ACL (E.D. Mo. Feb. 28, 2017) (28 U.S.C. § 2254 petition dismissed pursuant to Fed. R. Civ. P. 41(b) for failure to comply with court order); *McGee v. Stringer, et al.*, No. 4:17-cv-1490-RLW (E.D. Mo. June 21, 2017) (28 U.S.C. § 2254 petition dismissed as time-barred); *McGee v. Schmitt*, No. 4:17-cv-2366-NCC (E.D. Mo. Nov. 3, 2017) (28 U.S.C. § 2254 petition dismissed as time-barred); *McGee v. Hacker*, No. 4:19-cv-1205-HEA (E.D. Mo. July 23, 2019) (28 U.S.C. § 2254 petition dismissed as time-barred and for failure to exhaust state remedies); *McGee v. Schmidtt*, No. 4:19-cv-3214-SRC (E.D. Mo. July 22, 2020) (28 U.S.C. § 2254 petition dismissed as time-barred and for failure to exhaust state remedies); *McGee v. Inman*, No. 4:20-cv-345-SRC (E.D. Mo. Mar. 10, 2020) (28 U.S.C. § 2254 petition dismissed for failure to exhaust state remedies); *McGee v. Inman, et al.*, No. 1:20-cv-116-NAB (E.D. Mo. July 13, 2020) (28 U.S.C. § 2254 petition dismissed for failure to exhaust state remedies); *McGee v. Inman*, No. 4:20-cv-720-NAB (E.D. Mo. July 14, 2020) (28 U.S.C. § 2254 petition dismissed for failure to exhaust state remedies); and *McGee v. Hacker*, No. 4:20-cv-1575-NAB (E.D. Mo. Jan. 6, 2021) (28 U.S.C. § 2254 petition dismissed as time-barred and for failure to exhaust state remedies).

[2] *See McGee v. Limbaugh, et al.*, No. 1:97-cv-128-CAS (E.D. Mo. Aug. 26, 1997) (42 U.S.C. § 1983 action dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) as frivolous or for failure to state a claim); *McGee v. State of Missouri, et al.*, No. 1:97-cv-144-CAS (E.D. Mo. Dec. 2, 1997) (42 U.S.C. § 1983 action dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) as legally frivolous and for failure to state a claim); *McGee v. Limbaugh, et al.*, No. 1:97-cv-167-CAS (E.D. Mo. Jan. 8, 1998) (42 U.S.C. § 1983 action dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) as legally frivolous or for failure to state a claim); *McGee v. Limbaugh, et al.*, No. 1:97-cv-181-ERW (E.D. Mo. Dec. 26, 1997) (42 U.S.C. § 1983 action dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) as legally frivolous or for failure to state a claim); *McGee v. Stringer, et al.*, No. 4:17-cv-259-RWS (E.D. Mo. Feb. 3, 2017) (42 U.S.C. § 1983 action dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim and sovereign immunity); *McGee v. Stringer*, No. 4:19-cv-1190-DDN (E.D. Mo. May 3, 2019) (42 U.S.C. § 1983 action dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) as time-barred); *McGee v. Schmitt, et al.*, No. 4:19-cv-2477-CDP (E.D. Mo. April 17, 2020) (42 U.S.C. § 1983 action dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)); *McGee v. Inman, et al.*, No. 4:21-cv-1307-NCC (E.D. Mo. Jan. 14, 2022) (42 U.S.C. § 1983 action dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim); and *McGee v. Inman, et al.*, No. 4:21-cv-1308-NAB (E.D. Mo. Dec. 22, 2021) (42 U.S.C. § 1983 action dismissed pursuant to Fed. R. Civ. P. 41(b) for failure to submit an amended complaint as ordered).

the names of Inman and Hacker appear only in the section of the form complaint for identifying the parties. Inman and Hacker are sued in their official capacities only, while plaintiff does not indicate the capacity in which he is suing Huhn. *Id.* at 2-3. The complaint appears to set forth allegations regarding a failure to protect.

In the "Statement of Claim," plaintiff asserts that three years ago, he woke up at 2:48 a.m. and went to relieve himself. *Id.* at 4. While doing so, he was attacked, giving him "severe trauma." Plaintiff alleges that staff "would not let [him] roll back the tape to" identify his attacker. He asserts that since being "attacked," he has to sleep with "one eye open so it doesn't happen again." *Id.* at 7.

This purported assault left plaintiff "in a state of shock," and he states that it took two years for his "left temple to heal up," and that there is still a scar. *Id.* at 5. As a result of this incident, plaintiff seeks "to go home to Vero [Beach], Florida."

Attached to the complaint is a handwritten exhibit referring to something called "the Tri-Lateral Commission," to which he attributes "murder for profit." Doc. [1-1]. In the exhibit, he refers to Vice President Kamala Harris as a "witch," states that the "followers" of Chief Justice Paul C. Wilson "pray to Satan," and that the "followers" of President Biden "pray to…the Demon Roman Catholic" church.

On March 24, 2022, plaintiff filed a supplement to his complaint titled "Action on Bonds." Doc. [3]. In the supplement, plaintiff refers to Missouri criminal procedure statutes regarding proceedings involving mental illness. However, the substance of the document relates to "suits on official bonds," and does not have any apparent relevance to his complaint. At the end of the

4

supplement, though, plaintiff asserts that he wants "to sue the Eastern District of Missouri[3] in the amount of $300,000.00 for maliciousness, hexing [and] vexing" him for "a period of 14 years."

## Discussion

Plaintiff is a self-represented litigant who brings this civil action pursuant to 42 U.S.C. § 1983, accusing defendants of failing to protect him while in the custody of the Southeast Missouri Mental Health Center. Because he is proceeding in forma pauperis, the Court has reviewed his complaint under 28 U.S.C. § 1915. Based on that review, and for the reasons discussed below, the Court will dismiss this action without prejudice.

### A. Official Capacity Claims

Plaintiff has sued all three defendants in their official capacities only.[4] In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). *See also Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018) (explaining that official capacity suit against sheriff and his deputy "must be treated as a suit against the County"); *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir.

---

[3] To the extent that plaintiff is attempting to sue the Court, which is part of the judicial branch of the United States, such a claim is barred by sovereign immunity. *See Iverson v. United States*, 973 F.3d 843, 846 (8th Cir. 2020) ("Generally, sovereign immunity prevents the United States from being sued without its consent"); and *Laswell v. Brown*, 683 F.2d 261, 268 (8th Cir. 1982) ("The United States and its agencies are not proper defendants because of sovereign immunity"). Moreover, plaintiff has not alleged that sovereign immunity has been waived in this case. *See United States v. King*, 395 U.S. 1, 4 (1969) (stating that a waiver to sovereign immunity must be "unequivocally expressed" and "cannot be implied"). *See also Buford v. Runyon*, 160 F.3d 1199, 1203 (8th Cir. 1998) ("It is well settled that a *Bivens* action," which is the federal version of a 42 U.S.C. § 1983 suit, "cannot be prosecuted against the United States and its agencies because of sovereign immunity").

[4] As noted above, plaintiff has not indicated the capacity in which Huhn is served. If a plaintiff's complaint is silent about the capacity in which the defendant is being sued, the complaint is interpreted as including only official capacity claims. *See Baker v. Chisom*, 501 F.3d 920, 923 (8th Cir. 2007). *See also Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) ("[I]n order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity"). Thus, the claim against Huhn is treated as being in Huhn's official capacity only.

2016) (stating that a "plaintiff who sues public employees in their official, rather than individual, capacities sues only the public employer"); and *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) (stating that a "suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent").

In this case, Huhn is the Director of the Missouri Department of Mental Health, Inman is alleged to be the "Chief Corporate Collective Officer" for the Department of Mental Health, and Hacker is asserted to be the "Chief [Executive] Officer" of the Southeast Missouri Mental Health Center. As such, the official capacity claims against them are treated as being made against the State of Missouri itself, their employer.

To the extent that plaintiff is seeking monetary damages, his claims fail because the State of Missouri is not a "person" for purposes of 42 U.S.C. § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (explaining that "neither a State nor its officials acting in their official capacity are 'persons' under § 1983"); *Calzone v. Hawley*, 866 F.3d 866, 872 (8th Cir. 2017) (explaining that a "State is not a person under § 1983"); and *Kruger v. Nebraska*, 820 F.3d 295, 301 (8th Cir. 2016) (explaining that "a state is not a person for purposes of a claim for money damages under § 1983"). Additionally, such claims would be barred by sovereign immunity. *See Andrus ex rel. Andrus v. Arkansas*, 197 F.3d 953, 955 (8th Cir. 1999) ("A claim for damages against a state employee in his official capacity is barred under the Eleventh Amendment").

To the extent that plaintiff is seeking prospective injunctive relief, plaintiff has not established that the State of Missouri violated his constitutional rights due to an unconstitutional policy, custom, or failure to train. *See Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018) (explaining that liability may attach to a governmental entity if the violation "resulted from (1) an

6

official…policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise").

Furthermore, the only injunctive relief plaintiff is seeking is his release from the custody of the Southeast Missouri Mental Health Center. However, plaintiff cannot seek such release pursuant to 42 U.S.C. § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus"). If plaintiff desires to effect his release, he must file a petition for writ of habeas corpus. *See Adams v. Agniel*, 405 F.3d 643, 644-45 (8th Cir. 2005) (explaining that a habeas action is the proper vehicle for a prisoner to challenge the legality of his sentence or seek immediate or speedier release).

For all of these reasons, plaintiff has not stated official capacity claims against Huhn, Inman, and Hacker. Therefore, the official capacity claims against them must be dismissed.

**B. Individual Capacity Claims**

Even if plaintiff had sued defendants in their individual capacities – which he has not – he has still failed to state a claim against them. Individual liability in a 42 U.S.C. § 1983 case is personal. *See Frederick v. Motsinger*, 873 F.3d 641, 646 (8th Cir. 2017). In other words, "[g]overnment officials are personally liable only for their own misconduct." *S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015). As such, § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights." *Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006) (quoting *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990)). *See also Kohl v. Casson*, 5 F.3d 1141, 1149 (8th Cir. 1993) (dismissing plaintiff's excessive bail claims because none of the defendants set plaintiff's bail, and therefore, "there can be no causal connection between any action

7

on the part of the defendants and any alleged deprivation" of plaintiff's rights). To that end, a plaintiff must allege facts connecting the defendant to the challenged action. *See Bitzan v. Bartruff*, 916 F.3d 716, 717 (8th Cir. 2019).

Here, plaintiff has not established a causal link between any action or inaction on the part of defendants, and the violation of plaintiff's constitutional rights. In other words, he has not demonstrated how defendants failed to protect him from being assaulted three years ago. Indeed, Huhn, Inman, and Hacker do not even appear in the "Statement of Claim," nor do they have any allegations directed towards them. Their names only appear where they are identified as defendants. Simply naming a person as a defendant is not enough to assert their responsibility. *See Allen v. Purkett*, 5 F.3d 1151, 1153 (8th Cir. 1993) (agreeing with district court dismissal of two defendants who were named as defendants in the complaint, but who had no factual allegations made against them); and *Krych v. Hvass*, 83 Fed. Appx. 854, 855 (8th Cir. 2003) (agreeing with district court dismissal of defendants who were merely listed in the complaint, and who were not alleged to have been personally involved in the constitutional violations).

For these reasons, even if defendants had been sued in their individual capacities, the claims against them would be dismissed.

## C. Failure to Protect

Though plaintiff provides little by way of factual explanation, he appears to be asserting a failure to protect claim stemming from an assault that took place three years ago. "State actors in mental health facilities owe a constitutional-level duty of care to involuntarily held patients." *Shelton v. Arkansas Dept. of Human Services*, 677 F.3d 837, 840 (8th Cir. 2012). In other words, the Fourteenth Amendment requires states "to provide involuntarily committed mental patients with such services as are necessary to ensure their reasonable safety from themselves and others."

*DeShaney v. Winnebago County Dept. of Social Services*, 489 U.S. 189, 199 (1989). Because plaintiff is a civil detainee, rather than a convicted prisoner, his claims do not fall under the Eighth Amendment. *See Christian v. Wagner*, 623 F.3d 608, 613 (8th Cir. 2010) (noting that the "Eighth Amendment does not apply to pretrial detainees"). However, the Fourteenth Amendment provides civilly-committed detainees "at least the same level of constitutional protection as the Eighth Amendment does to prisoners." *Nelson v. Shuffman*, 603 F.3d 439, 446 n.3 (8th Cir. 2010) (considering a sex offender treatment center detainee's failure to protect claim under the same standards applicable to a prisoner's failure to protect claim).

To prove an Eighth Amendment violation, an individual must fulfill two requirements, one objective and one subjective. *Irving v. Dormire*, 519 F.3d 441, 446 (8th Cir. 2008). The first requirement is that, viewed objectively, the alleged deprivation of rights is sufficiently serious. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The second requirement is a subjective inquiry, and requires that the prisoner prove that the prison official had a "sufficiently culpable state of mind." *Id*. "A prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Lenz v. Wade*, 490 F.3d 991, 995 (8th Cir. 2007).

In this case, plaintiff has not presented any facts regarding the second requirement. That is, he has not shown, or even attempted to show, that defendants knew of and disregarded a risk to his safety. For example, plaintiff has not alleged that there was a threat to his safety, that he took steps to convey that threat to defendants, and that defendants disregarded this threat. As such, plaintiff has not established that defendants failed to protect him.


Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis, Doc. [2], is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 14th day of April, 2022.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE